**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern    District of    New York
                                  (State)

Case number (If known): _____    Chapter    11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Stoneway Energy LP |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | N/A |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 44 Chipman Hill, Suite 1000 | |
| Number    Street | Number    Street |
| | P.O. Box |
| Saint John, New Brunswick, E2L 2A9, Canada | |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| County | Number    Street |
| | N/A |
| | City    State    ZIP Code |

5. **Debtor's website** (URL)    https://cases.primeclerk.com/stonewaycapital

6. **Type of debtor**
   ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☒ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☒ None of the above |

Activities Related to Real Estate

B. *Check all that apply:*
- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2211

---

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply:*
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 on a consolidated basis (amount subject to adjustment on 4/01/16 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.

If more than 2 cases, attach a separate list.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| | | | MM / DD / YYY | | |
| District | _____ | When | _____ | Case number | _____ |
| | | | MM / DD / YYY | | |

| | | | | | |
|---|---|---|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>☒ Yes. | Debtor  See attached Annex A | Relationship | Affiliate |
| | List all cases. If more than 1, attach a separate list. | | District | When | 04/07/2021 |
| | | | | | MM / DD / YYY |
| | | | Case number, if known | | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
☐ It needs to be physically secured or protected from the weather.
☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
☐ Other _____

**Where is the property?**
_____
Number    Street

_____

_____          _____   _____
City                 State          ZIP Code

**Is the property insured?**
☐ No.
☐ Yes.  Insurance agency  _____

Contact name  _____

Phone  _____

|   | **Statistical and administrative information** |   |   |   |
|---|---|---|---|---|

**13.** **Debtor's estimation of available funds***

*Check one:*
☐ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.** **Estimated number of creditors****

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15.** **Estimated assets****

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16.** **Estimated liabilities****

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

|   | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17.** **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/07/2021
              MM / DD / YYYY

X  */s/ David Mack*                                David Mack
Signature of authorized representative of debtor   Printed name

Title  Director

\* Distribution cannot be known at this time.
\*\*Items 14-16 herein is provided on a consolidated basis.

| 18. | Signature of attorney | x | /s/ Fredric Sosnick | Date | 04/07/2021 |
|---|---|---|---|---|---|
| | | | Signature of attorney for debtor | | MM / DD / YYYY |

Fredric Sosnick
Printed Name

Shearman & Sterling LLP
Firm name

599 Lexington Ave
Number          Street

New York                                          NY                              10022
City                                                    State                          Zip Code

212-848-8571                                                fsosnick@shearman.com
Contact phone                                              Email address

2472488                                                        NY
Bar number                                                    State

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) <br> ) <br> STONEWAY ENERGY LP, ) <br> ) <br> ) <br> Debtor. ) <br> ) | Chapter 11 <br><br> Case No. 21-_____ ( ) <br><br> Joint Administration Requested |

**Annex A**

**AFFILIATED ENTITIES**

On the date hereof, each of the affiliated entities listed below (including the Debtor in this chapter 11 case) filed petitions for relief under chapter 11 of title 11 of the United States Code in this Court. Contemporaneously with the filing of these petitions, these entities filed a motion requesting the Court jointly administer their chapter 11 cases.

1. Stoneway Capital Ltd.
2. Stoneway Capital Corporation
3. Stoneway Energy International LP
4. Stoneway Energy LP
5. Stoneway Capital Group LP
6. Stoneway Power Generation Inc.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| STONEWAY ENERGY LP, | Case No. 21-_____ ( ) |
| Debtor. | Joint Administration Requested |

**CORPORATE OWNERSHIP STATEMENT**

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Stoneway Energy LP (the "**Debtor**") states as follows:

- Stoneway Energy International LP owns 99% of the ownership interests of Stoneway Energy LP.
- Stoneway Capital Ltd. owns 1% of the ownership interests of Stoneway Energy International LP.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| STONEWAY ENERGY LP, | ) Case No. 21-_____ ( ) |
|  | ) |
|  | ) Joint Administration Requested |
| Debtor. | ) |
|  | ) |

## DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT

I, the undersigned sole director of Stoneway Capital Ltd., general partner of Stoneway Energy LP, the company named as a debtor in the above-captioned case, declare under penalty of perjury that I have reviewed the foregoing Corporate Ownership Statement and that the information contained therein is true and correct to the best of my knowledge, information, and belief.

Dated: April 7, 2021         */s/ David Mack*
                                             Name: David Mack
                                             Title: Director

2

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| STONEWAY ENERGY LP, | Case No. 21-_____ ( ) |
| Debtor. | Joint Administration Requested |

**LIST OF DEBTOR'S EQUITY SECURITY HOLDERS**
**IN ACCORDANCE WITH BANKRUPTCY RULE 1007**

**Membership Interests**

| Name, Address and Telephone of Equity Holder | Percentage of Interests |
|---|---|
| Stoneway Energy International LP<br>44 Chipman Hill, Suite 1000, Saint John, New Brunswick, E2L 2A9, Canada | 99% |
| Stoneway Capital Ltd.<br>80 Main Street, PO Box 3200, Road Town, Tortola VG1110, British Virgin Islands | 1% |

3

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| STONEWAY ENERGY LP, | Case No. 21-_____ ( ) |
| Debtor. | Joint Administration Requested |

**DECLARATION CONCERNING LIST OF DEBTOR'S EQUITY SECURITY HOLDERS IN ACCORDANCE WITH BANKRUPTCY RULE 1007**

I, the undersigned sole director of Stoneway Capital Ltd., general partner of Stoneway Energy LP, the company named as a debtor in the above-captioned case, declare under penalty of perjury that I have reviewed the foregoing List of Debtor's Equity Security Holders and that it is true and correct to the best of my knowledge, information, and belief.

Dated: April 7, 2021    /s/ David Mack
                        Name: David Mack
                        Title: Director

4

RESOLUTION OF

THE SOLE DIRECTOR OF STONEWAY CAPITAL LTD. (THE "COMPANY")

IN ITS CAPACITY AS GENERAL PARTNER OF

STONEWAY GROUP LP

AND

STONEWAY ENERGY INTERNATIONAL LP

AND

STONEWAY ENERGY LP

---

**WRITTEN RESOLUTIONS OF THE SOLE DIRECTOR
OF THE COMPANY DATED APRIL 7, 2021**

---

1. **DIRECTOR'S INTERESTS**

1.1 **IT IS NOTED** that the director has disclosed any interest in the matter(s) the subject of these resolutions, including as a director of the Company (and certain of its affiliates and subsidiaries).

2. **STONEWAY GROUP LP, STONEWAY ENERGY INTERNATIONAL LP AND STONEWAY ENERGY LP**

2.1 **IT IS NOTED** that:

(a) the Company is the general partner of each of Stoneway Group LP ("**SGLP**"), Stoneway Energy International LP ("**SEILP**") and Stoneway Energy LP ("**SELP**" and, together with SGLP and SEILP, the "**Partnerships**" and each a "**Partnership**"), each being a limited partnership formed and existing under the laws of the province of New Brunswick, Canada;

(b) under section 5.1(a) of the partnership agreement for SGLP and section 4.1(a) of the partnership agreement of each of SEILP and SELP (each, a "**Partnership Agreement**"), the general partner of each Partnership is afforded all the powers permitted to be exercised by a general partner of a limited partnership under the laws of the province of New Brunswick, Canada (including but not limited to the powers described in section 6.3 of the SGLP Partnership Agreement and section 4.4 of the Partnership Agreements of SEILP and SELP) and the general partner is granted the right, power and authority to do for and on behalf of, and in the name of each Partnership all things which, in its sole judgment and discretion, are necessary proper or desirable to carry on the business and the purposes of each Partnership;

(c) under section 6.3 of the SGLP Partnership Agreement and section 4.4 of the Partnership Agreements of SEILP and SELP, the general partner of each Partnership is granted the

right, power and authority for and on behalf of and in the name of each Partnership in its business judgement to, among other things, (i) conclude, enter into, execute and carry out all agreements which require execution by or on behalf of each Partnership, (ii) exercise any voting rights in respect of shares or other securities included in property of each Partnership and (iii) appoint and remove agents and grant and rescind powers of attorney; and

(d) under section 12 of the *Limited Partnerships Act* (New Brunswick), a general partner in a limited partnership has all the rights and powers and is subject to all the restrictions and liabilities of a partner in a partnership without limited partners except that, without the written consent to or ratification of the specific act by all the limited partners, a general partner has no authority to (a) do any act in contravention of the partnership agreement, (b) do any act that makes it impossible to carry on the ordinary business of the limited partnership, (c) consent to a judgment against the limited partnership, (d) possess limited partnership property, or assign any rights in specific partnership property, for other than a partnership purpose, (e) admit a person as a general partner, (f) admit a person as a limited partner, or (g) continue the business of the limited partnership on the death, retirement or mental incompetence of a general partner or dissolution of a corporate general partner, unless the right to do so is given in the partnership agreement.

2.2 **IT IS NOTED** that:

(a) SGLP's sole asset is its holding in Stoneway Power Generation Inc., which is in turn is the sole shareholder of Stoneway Capital Corporation;

(b) Stoneway Capital Corporation is a limited partner in SEILP, which is in turn, the limited partner in SELP;

(c) SELP's sole assets are its holdings, and beneficial interests, in certain operating subsidiaries incorporated and existing under the laws of Argentina, namely, Araucaria Energy S.A., SPI Energy S.A., Araucaria Generation S.A. and Araucaria Power Generation S.A. (collectively, the "**Argentine Subsidiaries**"); and

(d) the Company has been advised by its professional advisors that certain financial creditors of the Company, the Partnerships and the Argentine Subsidiaries are refusing to extend existing standstill agreements and that there is a risk that they will take enforcement action.

3. **VOLUNTARY PETITION UNDER THE PROVISIONS OF CHAPTER 11 OF THE BANKRUPTCY CODE**

3.1 **IT IS RESOLVED** that:

(a) in the business judgment of the director, it is desirable and in the best interests of the Company (in its capacity as general partner of each Partnership), each Partnership, the creditors of the Partnerships, and other interested parties that the Partnerships file or cause to be filed a voluntary petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

(b) the Company be, and hereby is, authorized and empowered (in its capacity as general partner of each Partnership) to file a voluntary petition for relief in respect of the Partnerships under chapter 11 of the Bankruptcy Code (such voluntary petition, and any voluntary petitions to be filed by the Company's affiliates, collectively, the "**Chapter 11 Cases**") in a court of proper jurisdiction (the "**Court**") in which the authority to operate as a debtor in possession will be sought;

- (c) that David Mack, acting for and on behalf of the Company (in its capacity as general partner of each Partnership) (the "**Authorized Person**") be, and hereby is, authorized on behalf of the Company (in its capacity as general partner of each Partnership) and each Partnership to execute and verify petitions, schedules, lists and other motions, papers or documents to commence the Chapter 11 Cases, each such document to be filed at such time as the Authorized Person shall determine and to be in the form approved by the Authorized Person, such approval to be conclusively evidenced by the execution, verification and filing thereof;

- (d) that the Authorized Person be, and hereby is, authorized on behalf of the Company (in its capacity as general partner of each Partnership) and each Partnership to take any and all further acts and deeds that he deems necessary or proper to commence the Chapter 11 Cases and obtain relief under chapter 11 of the Bankruptcy Code;

- (e) that the Authorized Person be, and hereby is, authorized and directed to retain on behalf of the Company (in its capacity as general partner of each Partnership) and each Partnership the law firm of Shearman & Sterling LLP to render legal services to and represent the Company (in its capacity as general partner of each Partnership) and each Partnership in connection with the commencement of the Chapter 11 Cases and any other related matters in connection thereto, on such terms as the Authorized Person shall approve and subject to approval of the Court; and

- (f) that the Authorized Person be, and hereby is, authorized to engage and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals (including, without limitation, those professionals specifically named herein) in connection with the Chapter 11 Cases, on such terms as the Authorized Person deems necessary, appropriate, proper or desirable, with a view to the successful prosecution of such cases.

## 4. INSTRUCTION TO REVOKE POWER OF ATTORNEYS

4.1 **IT IS RESOLVED** that SEILP, SELP and the Argentine Subsidiaries revoke any power of attorney that they may have granted to TMF Trust Company (Argentina) S.A. in its capacity as trust (*Fiduciario*) of the *Fideicomiso Araucaria* ("TMF").

## 5. GENERAL AUTHORIZATION

5.1 **IT IS RESOLVED** that:

- (a) the Company (in its capacity as general partner of each Partnership) do give, make, sign, execute and deliver all such notes, deeds, agreements, letters, notices, certificates, acknowledgements, instructions, fee letters and other documents (whether of a like nature or not) (the "**Ancillary Documents**") as may in the sole opinion and absolute discretion of any director or any Authorized Person be considered necessary or desirable for the purpose of compliance with any condition precedent or the coming into effect of or otherwise giving effect to, consummating or completing or procuring the performance and completion of all or any of the transactions contemplated by or referred to in these resolutions and the Company (in its capacity as general partner of each Partnership) do all such acts and things as might in the opinion and absolute discretion of any director or Authorized Person be necessary or desirable for the purposes stated above;

- (b) the Ancillary Documents be in such form as any director or Authorized Person in his absolute discretion and opinion approve, the signature of any director or Authorized Person on any of the Ancillary Documents being due evidence for all purposes of his approval of

7

(b)     the terms thereof on behalf of the Company (in its capacity as general partner of each Partnership);

(c)     the Ancillary Documents, where required to be executed by the Company (in its capacity as general partner of each Partnership), be executed by the signature thereof of any director or Authorized Person and where required to be sealed, by affixing thereto of the Seal of the Company (in its capacity as general partner of each Partnership); and

(d)     in connection with or to carry out the actions contemplated by the foregoing resolutions, the Authorized Person and any director of the Company be, and such other persons as are authorized by any of them be, and each hereby is, authorized, in the name and on behalf of the Company (in its capacity as general partner of each Partnership), to do such further acts and things as any director or such duly authorized other person shall deem necessary or appropriate, including to do and perform (or cause to be done and performed), in the name and on behalf of the Company (in its capacity as general partner of each Partnership), all such acts and to sign, make, execute, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any governmental authority or agency, all such agreements, documents, instruments, certificates, consents or waivers and all amendments to any such agreements, documents, instruments, certificates, consents or waivers and to pay, or cause to be paid, all such payments, as any of them may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby.

## 6.    RATIFICATION OF PRIOR ACTIONS

**IT IS RESOLVED** that any and all actions of the Company (in its own capacity and in its capacity as general partner of each Partnership), or of the director, taken in connection with the actions contemplated by the foregoing resolutions prior to the execution hereof be and are hereby ratified, confirmed, approved and adopted in all respects as fully as if such action(s) had been presented to for approval and approved by, the director prior to such action being taken.

## 7.    MISCELLANEOUS

**IT IS RESOLVED** that these resolutions may be executed via facsimile or other electronic means, which so executed shall be deemed to be an original and with these resolutions shall constitute one and the same instrument.

*Signature Page Follows.*

8

IN WITNESS WHEREOF, the undersigned director has duly executed these Resolutions as of the date first written above.

*David Mack*
_____
David Mack
**Sole Director**

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims on a Consolidated Basis and Are Not Insiders[1]

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Siemens Energy Inc.<br>4400 Alafaya Trail<br>Orlando, FL 32826-2399<br><br>Phone: 407-736-7075 | Paula Gonzalez<br><br>Email: paulargonzalez@siemens.com | Litigation claim | Disputed | | | $22,523,011.39 |
| 2 | DF / Mompresa, S.A.U.<br>Parque Cientifico Tecnologico Ada Byron, 90<br>33203 Gijon, Asturias (Spain)<br><br>Phone: +34 985 19 91 16 | Ignacio Rodriguez<br><br>Email: direccion.juridica@durofelguera.com | Litigation claim | Disputed | | | $4,480,653.69 |
| 3 | Siemens Energy AB<br>Slottsvägen 2-6<br>612 83 Finspång, Sweden | Peter Hjelm<br><br>Email: peter.hjelm@siemens.com | Litigation claim | Disputed | | | $1,735,208.39 |
| 4 | Gramercy Energy Secured Holdings II LLC<br>c/o Gramercy Funds Management LLC<br>20 Dayton Avenue<br>Greenwich, CT 06830<br><br>Phone: 203-552-1943 | Attn: Tomás Serantes; Marc Zelina<br><br>Email: tserantes@gramercy.com; mzelina@gramercy.com | Unsecured Note claims | | | | $1,116,017.17 |
| 5 | Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017<br><br>Phone: 212-455-2664 | Todd Crider<br><br>Email: tcrider@stblaw.com | Legal services | Disputed | | | $151,489.33 |

---

[1] The debtors reserve their right to amend or modify this consolidated list of creditors, including to reflect that any of the claims on the list are contingent, unliquidated, or disputed. Nothing herein should be construed as an admission of validity of any party's claim or admission as to the amount owed.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | Gemcorp Fund I Limited c/o Gemcorp Capital LLP 1 New Burlington Place London, W1S 2HR United Kingdom | Attn: General Counsel/Operations Email: generalcounsel@gemcorp.net ; ops@gemcorp.net | Unsecured Note claim | | | | $122,989.34 |
| 7 | Gemcorp Multi Strategy Master Fund SICAV SCS c/o Gemcorp Capital LLP 1 New Burlington Place London, W1S 2HR United Kingdom | Attn: General Counsel/Operations Email: generalcounsel@gemcorp.net ; ops@gemcorp.net | Unsecured Note claim | | | | $47,489.76 |
| 8 | Araucaria Capital S.A. Av. del Libertador 498, 15th Floor Buenos Aires, Argentina Phone: 54-11-5252-0303 | Attn: President or General Counsel Email: info@araucariaenergy.com | Administrative services | Disputed | | | $45,790.00 |
| 9 | Sargent & Lundy LLC 55 East Monroe Street Chicago, IL 60603 Phone: 312-269-9675 | Terrence P. Coyne Email: terrence.p.coyne@sargentlundy.com | Engineering services | Disputed | | | $28,000.00 |
| 10 | SS&C Intralinks 685 Third Ave, 9th Floor New York, NY 10017 Phone: 212-342-7676 | Susie Xiao Email: sxiao@intralinks.com | Virtual data room hosting services | Disputed | | | $27,310.00 |
| 11 | Vista South America Inc. 12405 NE 6th Avenue North Miami, FL 33161 Phone: 305-266-3029 | Attn: Ariel Wainer | Travel agent services | Disputed | | | $25,000.00 |
| 12 | Maples and Calder BV Sea Meadow House PO Box 173 Road Town VG1110 British Virgin Islands Phone: 284-852-3000 | Chloe Harris Email: chloe.harris@maples.com | Legal services | Disputed | | | $21,308.47 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | Aldebaran Group Ltd. 12 Gough Square, 3rd Floor London, EC4A 3DW United Kingdom Phone: +44 7392 742245 | Attn: Jacques Marie Blehaut | Financial consultant services | Disputed | | | $19,719.66 |
| 14 | Epiq Corporate Restructuring LLC 777 Third Avenue, 12th Floor New York, NY 10017 Phone: 312-560-6333 | Attn: Brad Tuttle, Senior Managing Director Email: btuttle@epiqglobal.com | Consultant services | Disputed | | | $19,213.00 |
| 15 | Baker & McKenzie LLP 452 Fifth Avenue New York, New York 10018 Phone: 212-626-4100 | Clyde Rankin, III Email: clyde.rankin@bakermckenzie.com | Legal services | Disputed | | | $16,618.41 |
| 16 | WD Capital Markets Inc. Wildeboer Dellelce Place Suite 805 365 Bay Street Toronto, Ontario M5H 2V1 Phone: 416-847-6907 | Artur Agivaev Email: artur@wdcapital.ca | Financial services | Disputed | | | $11,419.50 |
| 17 | Cratos Global 3225 Shallowford Road, Suite 810 Marietta, Georgia 30062 Phone: 770-691-3120 | Attn: President or General Counsel | Power project consulting services | Disputed | | | $11,411.14 |
| 18 | Kekst and Company Inc. 437 Madison Avenue, 37th Floor New York, NY 10022 Phone: 212 521 4800 | Daniel Yunger Email: daniel.yunger@kekstcnc.com | Media and communication services | Disputed | | | $9,855.68 |
| 19 | Atahualpa USA LLC 6820 Indian Creek Dr., Unit 2F Miami Beach, FL 33141 | Attn: Carlos Bussolini, Director | Communication services | Disputed | | | $8,000.00 |
| 20 | CT Lien Solutions c/o Wolters Kluwer 2700 Lake Cook Road Riverwoods, IL 60015 Phone: 800-833-5778 | Attn: President or General Counsel Email: liensolutions.clientsupport@walterskluwer.com | Federal litigation search services | Disputed | | | $7,535.24 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Citrix Systems Inc. 851 W. Cypress Creek Road Fort Lauderdale, FL 33309 Phone: 800-424-8749 | Attn: President or General Counsel | Information technology services | Disputed | | | $1,707.75 |
| 22 | O'Farrell Inc. 167 Madison Avenue, Suite 303 New York, NY 10016 Phone: 305-468-4614 | Attn: Michael Joseph Email: info@ofarrelusa.com | Legal services | Disputed | | | $1,340.00 |
| 23 | Samuel Knight City Quadrant, Offices 13-15 Waterloo Square Newcastle Upon Tyne, NE1 4DP United Kingdom Phone: +44 (191) 481 3620 | Attn: President or General Counsel Email: energy@samuel-knight.com | Consulting services | Disputed | | | $468.00 |
| 24 | Broadridge Financial Solutions 51 Mercedes Way Edgewood, NY 11717 Phone: 631-254-7422 | Attn: Joseph Naso Email: joseph.naso@broadridge.com | | Disputed | | | $364.00 |

Debtor Name  Stoneway Energy LP

United States Bankruptcy Court for the Southern District of New York

Case Number (if known) _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ___

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims on a Consolidated Basis and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/07/2021
              MM / DD / YYYY

X   */s/ David Mack*                              David Mack
    Signature of authorized representative of debtor    Printed name

    Title    Director